UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

|  |  |
|---|---|
| GUANG DONG LIGHT HEADGEAR FACTORY CO., LTD., | Civil Action, File No. 5-03-CV-4165 |
| Plaintiff, |  |
| vs. |  |
| ACI INTERNATIONAL, INC., |  |
| Defendant. |  |

**PLAINTIFF'S MEMORANDUM BRIEF
IN SUPPORT OF SUMMARY JUDGMENT**

**NATURE OF THE CASE**

The plaintiff, Guang Dong Light Headgear Factory Co. Ltd., (Guang Dong) and Defendant, ACI International, Inc. (ACI) had entered into fourteen written contracts in which the ACI purchased various types of caps from Guang Dong. The contracts, by their terms, were enforceable by the Foreign Economic & Trade Arbitration Commission of the China Council for the Promotions of International Trade, Beijing. A controversy arose out of the contracts, and the Guang Dong submitted its dispute to arbitration. Various notices of arbitration were sent to the ACI, but the ACI failed to respond. On the 28th day of May, 2002, the arbitrators, having held hearings and considering the evidence presented, made an award in writing, acknowledged it, and delivered it to the parties. The arbitrators awarded Guang Dong a money judgment against the ACI in the amount of $205,280.77, along with loan interest in the amount of $12,109.73, and the arbitration fee (previously paid by Plaintiff) in the amount of RMB 73,973.00.

When Guang Dong filed this action to enforce the Foreign Arbitration Award, ACI filed a counterclaim alleging breach of contract, breach of covenant of good faith and fair dealing, and sought equitable set-off.

## STATEMENT OF UNCONTROVERTED FACTS

1. Between July 26, 2000 and January 9, 2001, Guang Dong and ACI entered into fourteen (14) written contracts for the purchase, by ACI, of various types of caps from Guang Dong. (See attached Ex. 2 pp. 3-16)

2. The contracts by their terms contained within the contracts provided:

> "All disputes arising from the execution of, or in connection with this contract shall be settled amicably through friendly negotiation. In case no settlement can be reached through negotiation, the case shall then be submitted to the Foreign Economic & Trade Arbitration Commission of the China Council for the promotion of International Trade, Beijing for arbitration in accordance with its provisional rules of procedure. The arbitral award is final and binding upon both parties."

(See attached Ex. 2 pp. 3-16)

3. Guang Dong filed an application for arbitration on December 4, 2001 and the China International Economic and Trade Arbitration Commission accepted the case. (See attached Ex.1 p. 19)

4. The Secretariat Bureau of the Arbitration Commission served the Defendant by EMS on December 7, 2001, the Arbitration Notice, the Application for Arbitration and its annexes filed by the Plaintiff as well as the Arbitration Rules of the Arbitration Commission and the List of Arbitrators and requested the Defendant to select arbitrators and submit its statement of defense in time. (See attached Ex. 1 p. 19).

5. The Defendant signed for the receipt of all the above-mentioned arbitration

documents on December 17, 2001. (See attached Ex. 1 p. 19).

6. On or about January 15, 2002 Notice was given to ACI notifying it of the formation of the panel of arbitrators for the dispute over the cap purchase and sale contract of caps. (See attached Ex 1 p. 7).

7. On or about January 15, 2002 Notice was given to ACI notifying it of the opening of the court session for the dispute over the cap purchase and sale contract of caps No. G20010386. See attached Ex. 1 p. 9).

8. ACI received the Notice of the Opening of the Court Session for the Dispute of the cap purchase and sale contract of caps No G20010386 on January 21 2002. (See attached Ex. 3 p. 6)

9. On February 28, 2002 the Arbitration Tribunal heard the case in Beijing as scheduled. The Plaintiff appointed an attorney-in-fact to appear before the tribunal and the Defendant did not appear. (See attached Ex. 1 p. 20)

10. The Arbitration Tribunal heard the case by default in accordance with the provisions of Article Forty-two of the Arbitration Rules. (See attached Ex.1 p. 20)

11. The attorney-in-fact of the Plaintiff gave a presentation of the facts of the case at the hearing and answered the questions raised by the Arbitration Tribunal. (See attached Ex. 1 p. 20)

12. After the hearing, the Plaintiff submitted supplementary materials, which the Secretariat Bureau of the Arbitration Commission forwarded to the Defendant and notified the Defendant that it might still file a written statement of defense. (See attached Ex. 1 p. 20)

13. The Defendant failed to respond to the Arbitration Tribunal. (See attached Ex. 1 p. 20)

14. On May 28, 2002, the Arbitration Tribunal made the following award:

> "1. The respondent pays the claimant the amount in arrears for goods USD 205,280.77;
>
> 2. The respondent pays the claimant the loan interest for the amount in arrears for goods USD 12,109.73;
>
> 3. The arbitration fee for this case RMB 73,973.00 shall be entirely borne by the respondent.
>
> The claimant has paid RMB 73,973.00 in advance to the Arbitration Commission, which strikes a balance with the arbitration fee and therefore, the respondent shall indemnify the claimant RMB 73,973.00;
>
> 4. The money the respondent shall pay to the claimant mentioned above shall be fully paid by the former to the latter within 45 days from the date of this award."

(See attached Ex. 1 pp. 24-25).

13. Guang Dong filed this action on August 26, 2003 seeking an order confirming the foreign arbitral award. (See Complaint).

## ISSUES PRESENTED

1. Whether this Court should recognize and enforce the Foreign Arbitration award rendered in favor of Guang Dong and against ACI.

2. Whether the doctrine of res judicata applies to ACI's counterclaims.

3. Whether ACI's counterclaims are subject to arbitration in China.

4

## ARGUMENTS AND AUTHORITIES

Guang Dong contends that a Foreign Arbitration award was rendered in its favor on May 28, 2002. Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, and its recognition by the United States (See 9 USC 201, et. seq.), Guang Dong requests this court grant it summary judgment recognizing and enforcing the Foreign Arbitration Award rendered in favor of Guang Dong against the ACI.

As provided in 9 USC sec 201. Enforcement of Convention,

> "The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter."

As provided in 9 USC sec 202. Agreement or award falling under the Convention:

> "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention."

As provided in 9 USC sec 207. Award of Arbitrators; Confirmation; Jurisdiction;

Proceeding:

> "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. <u>The court shall confirm the award</u> unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." (emphasis added)

Article 5 of the Convention sets forth those factors upon which this court may refuse to enforce the arbitration award. Guang Dong contends that none of these factors apply to the facts in this case. There is no evidence that ACI was under some incapacity. There is no evidence that the fourteen written contracts, signed on behalf of ACI were not valid.

There is no evidence that ACI was not given proper notice. In fact the Arbitration

5

Tribunal sent several notices to the Defendant, including the Arbitration Notice, the Application for Arbitration and its annexes filed by the Plaintiff as well as the Arbitration Rules of the Arbitration Commission and the List of Arbitrators and requested the Defendant to select arbitrators and submit its statement of defense in time. It was noted that the Defendant signed a receipt for these documents on December 17, 2001. Notice of the appointment of arbitrators and notice of the hearing date was sent to the ACI, and received by ACI on January 21, 2002. After the February 28, 2002 hearing, a subsequent notice was sent to ACI by the Arbitrators stating it could still respond in writing to the Guang Dong's claims.

There is no evidence that the arbitration award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or that the award contains decisions on matters beyond the scope of the submission to arbitration.

There is no evidence the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or not in accordance with the law of the country where the arbitration took place. In fact the sales contracts specifically provides "in case no settlement can be reached through negotiation, the case shall then be submitted to the Foreign Economic & Trade Arbitration Commission of the China Council for the promotion of International Trade, Beijing for arbitration in accordance with its provisional rules of procedure". This submission is exactly what occurred.

The arbitration award was rendered on May 28, 2002 and became binding at that time. The award was final. The award has not been set aside.

Finally, there is no evidence that the subject matter (breach of contract) is not capable of settlement by arbitration under the law of China. There is no evidence that recognition of an award based on a breach of contract or the enforcement of that award would be contrary to public

policy.

As recognized by the court in First State Ins. Co. v. Banco de Seguros Del Estado, 254 F3d 354 (CA1 Mass. 2001) the party opposing confirmation of an arbitral award bears the burden of establishing grounds which bar confirmation. See i.e. Imperial Ethiopian Government v. Baruch-Foster Corp. 535 F2d 334, 22 FR Serv. 2d. 306 (CA5 Tex 1976).

For the foregoing reasons, Guang Dong request that this court issue an Order confirming the arbitration award.

With regard to ACI's counterclaims, Guang Dong contends the doctrine of res judicata applies and bars ACI's counterclaims. The court in Nicor Intern. Corp. v. El Paso Corp., 292 F.Supp.2d 1357 (S.D. Fla. 2003) stated and held:

> "The Eleventh Circuit has held that an arbitration decision can have res judicata effect as to all matters embraced in the controversy submitted to the arbitrator, just as a judgment by a court can have res judicata effect. *Greenblatt v. Drexel Burnham Lamber, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985); *see Dadeland Station Associates, Ltd. v. St. Paul Fire and Marine Ins. Co.*, No. 01-8287, 2003 WL 21981974, at * 12 (S.D. Fla.2003). "When an arbitration proceeding affords basic elements of adjudicatory procedure, such as an opportunity to present evidence, the determination of issues in an arbitration proceeding should generally be treated as conclusive in subsequent proceedings, just as determinations of a court would be treated." *Greenblatt*, 763 F.2d. at 1360; Restatement (Second) of Judgments sec 84(3) and comment c (1982).

ACI's claims are based on alleged breaches of contract arising from the contracts, which were submitted to arbitration. ACI could have addressed those issues through the arbitration. Based on the doctrine of res judicata, ACI's counterclaims for breach of contract and breach of covenant of good faith and fair dealing are barred.

For the sake of argument, if ACI's claims are not barred, Guang Dong contends they are subject to arbitration in China. This court in Malarky Enterprises v. Healthcare Technology, Ltd. Stated:

> "The arbitration provision at issue, revolving around a commercial agreement

7

between entities of different nations to arbitrate in a foreign country, is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. sec 201 note. The Convention was enacted to ensure the efficacy and to unify the standards of international commercial transactions. *Scherk v. Alberto-Culver Co.*, 417 U.S, 506, 516 n. 10, 94 S.Ct. 2449, 2456 n. 10, 41 L.Ed.2d 270 (1974)....

Article II of the Convention mandates that courts of a Contracting State recognize and enforce arbitration agreements unless such agreements are "null and void, inoperative or incapable of being performed." 9 U.S.C. sec 201 note, art. II(3). The Tenth Circuit adheres to a four-part test in determining whether an international dispute should be referred to arbitration:

(1) Is there an agreement in writing to arbitrate the subject of the dispute?

(2) Does the agreement provide for arbitration in the territory of the signatory of the Convention?

(3) Does the agreement arise out of a legal relationship whether contractual or not, which is considered as commercial?

(4) Is a party to the agreement not an American citizen, or does the commercial relationship have some relation with one or more foreign states?

Riley v. Kingsley Underwriting Agencies Ltd. 969 F.2d 953, 959 (10th Cir. 1992) (citing Ledee v. Ceramiche Ragno, 684 F.2d 184, 186-187 (1st Cir. 1982)). If these questions are answered in the affirmative, the court is required to order arbitration. *Id.*" (p. 1429)

Guang Dong contends that if ACI's counterclaim is allowed by this court, this court should order arbitration in China. The sales contracts are in writing and contained within the sales contracts is an agreement to arbitrate in China. Both the United States and China are signatories of the Convention. The agreement to arbitrate arises out of the sale and purchase of caps. Clearly a commercial relationship. Finally, Guang Dong is a Chinese corporation. The four-part test is met and if this court finds that ACI's is allowed to proceed with its claims, then the court should order arbitration in China.

8

## CONCLUSION

For the reasons set forth above, Guang Dong request that the Court grant its Motion For Summary Judgment to recognize and enforce the Foreign Arbitration Award rendered in its favor against the ACI, and further dismiss ACI's counterclaim.

**ESCHMANN & PRINGLE, P.A.**

s/Timothy J. Pringle
Timothy J. Pringle       Ks. Bar #11622
Eschmann & Pringle, P.A.
3706 Southwest Topeka Blvd., Suite 202
Topeka, KS 66609
P: (785) 267-3400
F: (785) 267-0001
eschmannpringle@aol.com
ATTORNEY FOR PLAINTIFF

**BUTLER & ASSOCIATES, P.A.**

s/Todd B. Butler,
Todd B. Butler,       KS #12711
Butler & Associates, P.A.
3706 SW Topeka Blvd., Suite 300
Topeka KS 66609
(785) 267-6444
(785) 267-7341 (fax)
cnc@balaw.org
ATTORNEYS FOR PLAINTIFF

9

## CERTIFICATE OF MAILING

I hereby certify that a copy of the above and foregoing was served, this 12th day of August, 2004, via electronic filing, to:

Patrick N. Fanning
Jean Paul Bradshaw II
LATHROP & GAGE, L.C.
2345 Grand Boulevard, Suite 2800
Kansas City MO 64108-2684
(816) 292-2000
FAX (816) 292-2001
pfanning@lathropgage.com
Jbradshaw@lathropgage.com
**Attorneys for Defendant**

                                       **ESCHMANN & PRINGLE, P.A.**

                                       s/Timothy J. Pringle
                                       Timothy J. Pringle       Ks. Bar #11622
                                       Eschmann & Pringle, P.A.
                                       3706 Southwest Topeka Blvd., Suite 202
                                       Topeka, KS 66609
                                       P: (785) 267-3400
                                       F: (785) 267-0001
                                       eschmannpringle@aol.com
                                       ATTORNEY FOR PLAINTIFF