# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GUANG DONG LIGHT HEADGEAR FACTORY CO. LTD, ) ) ) Plaintiff, ) ) v. ) ) ACI INTERNATIONAL INC., ) ) Defendant. ) | Case No. 03-4165-JAR |

## MEMORANDUM AND ORDER

This matter comes before the court upon plaintiff's motion for leave to amend complaint (Doc. 76), defendant's motion for leave to amend answer and counterclaim (Doc. 77), and defendant's motion for leave to file a surreply to plaintiff's motion for summary judgement (Doc. 90). These issues are now joined and ready for disposition.

**I.     Background**

Plaintiff commenced this action by filing its Complaint seeking confirmation of an arbitration award on August 25, 2003.[1] After defendant filed an Answer and Counterclaim,[2] the court conducted a Scheduling Conference and entered a Scheduling Order to govern completion of pretrial activities.[3]

On August 12, 2003, plaintiff moved for summary judgment,[4] and, on September 24, 2004, plaintiff moved to stay discovery pending a ruling by the trial judge, U.S. District Judge Julie A.

---

[1] Doc. 1.

[2] Doc. 9.

[3] Docs. 15 & 16.

[4] Doc. 18.

Robinson, on plaintiff's motion for summary judgment.[5] Discovery in the case was stayed pending Judge Robinson's decision of plaintiff's motion for summary judgment.[6]

On May 10, 2005, Judge Robinson entered a Memorandum and Order denying plaintiff's motion for summary judgment.[7] The court then lifted the stay of discovery, conducted a status conference, and entered an Amended Scheduling Order to govern completion of pretrial activities, establishing, *inter alia*, a deadline for the parties to move to join additional parties or otherwise amend the pleadings on August 17, 2005.[8]

Between the court's lifting of the stay and entry of the Amended Scheduling Order, on June 15, 2005, plaintiff's original counsel, Timothy J. Pringle and Todd B. Butler, moved to withdraw from further representation of plaintiff in this matter.[9] On July 28, 2005, the court granted plaintiff's prior counsels' motion to withdraw,[10] and plaintiff's current counsel, James D. Griffin and Michael D. Fielding, entered their appearance.[11]

---

[5] Doc. 28. Defendant also filed a motion seeking to extend deadlines and defer pretrial activities pending Judge Robinson's decision of plaintiff's motion for summary judgment (Doc. 29).

[6] *See* Order (Doc. 30).

[7] Doc. 32.

[8] *See* Orders (Docs. 34 and 40).

[9] Doc. 37.

[10] Doc. 45.

[11] Doc. 46.

On October 13, 2005, in response to a motion filed by plaintiff and not opposed by defendant,[12] the court entered a Second Amended Scheduling order.[13]  The parties did not request, and, thus, the court did not grant, any extension of the August 17, 2005-deadline for motions to join parties or amend the pleadings.[14]

On November 29, 2005, the parties filed a joint motion for extension of time to complete discovery, once again making no request for any additional time to move to join parties or amend the pleadings.[15]  On November 30, 2005, the court granted the parties' joint motion and entered its Third Amended Scheduling Order, which included no new deadline for motions to join additional parties or amend the pleadings.[16]

Pursuant to the Third Amended Scheduling Order, the case was set for a final pretrial conference on March 22, 2006.[17]  On March 17, 2006, the parties contacted the court by telephone to announce their intention to file the instant motions for leave to amend their pleadings.[18]  The court held a

---

[12] Doc. 51.

[13] Doc. 52.

[14] *See* Motion (Doc. 51) and Second Amended Scheduling Order (Doc. 52).

[15] Doc. 58.

[16] Doc. 59.

[17] *See* Doc. 59.

[18] Doc. 74.

brief conference with the parties and then entered an order suspending the final pretrial conference and setting a briefing schedule for the instant motions for leave to amend.[19]

On April 7, 2006, plaintiff filed a second motion for summary judgment.[20] The parties completed the normal briefing of plaintiff's motion for summary judgment on May 18, 2006.[21] Defendant then filed the instant motion for leave to file a surreply on May 24, 2006.[22]

**II.    The Parties' Motions for Leave to Amend**

   **A.    Standard**

Fed. R. Civ. P. 15 controls the procedure for amending pleadings. Fed. R. Civ. P. 15 states in pertinent part that:

> "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[23]

---

[19] Doc. 75.

[20] Doc. 81.

[21] *See* Reply (Doc. 88).

[22] Doc. 90.

[23] Fed. R. Civ. P. 15(a).

The parties seek to amend their pleadings after the permissive period, and each has filed a response in opposition to other's motion,[24] so consent is not an issue. It, therefore, remains for the court to determine if leave to amend should be granted under the circumstances presented.

The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[25] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[26] Additionally, untimeliness may be sufficient cause to deny leave to amend, especially when the movant offers no adequate explanation for the delay.[27] When a motion to amend is filed after a scheduling order deadline, as here, the moving party must show good cause for allowing the amendment out of time.[28] To establish good cause, the moving party must show that the deadline "could not have been met with diligence."[29]

### B.     Defendant's Motion for Leave to Amend Answer and Counterclaim

Defendant seeks leave to amend to assert new counterclaims against plaintiff and join Alex He and ATTA International, Inc., ("ATTA" or "Atta") to its counterclaims. Plaintiff objects to defendant's motion with respect to the addition of new parties because of the potential need for new discovery and

---

[24] Docs. 79 & 80.

[25] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[26] *Id.*

[27] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

[28] *SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir. 1990).

[29] *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991)) .

possible disruption of the current trial setting.[30]  Plaintiff does not object to defendant's new counterclaims against it provided that no new discovery is permitted, the existing trial setting is preserved, and it has the opportunity to file a dispositive motion addressing defendant's new claims.[31]

Defendant's motion for leave to amend was also filed after the expiration of the deadline for such motions.  Plaintiff correctly identifies that "[t]he legal standards governing a motion to modify one's pleading after the time to amend has expired are well-established.  Where the time to amend has expired, a party seeking to amend must first demonstrate that 'good cause' exists."[32]  Good cause requires a showing that the deadline "could not have been met with diligence,"[33] and "[o]nly after a showing of 'good cause' is the more liberal standard of Fed. R. Civ. P. 15(a) applied to determine if the proposed amendment is permissible."[34]

Defendant has provided the court with a specific explanation for the timing of its motion. Defendant points to information learned for the first time as a result of plaintiff's service of supplemental discovery responses, on March 7, 2006, and the deposition of plaintiff's corporate representative, Wu Ruiwen, on March 8, 2006.  Defendant offers examples of this new information.

---

[30] Plaintiff's Response to Defendant's Motion for Leave To Amend (Doc. 79), at ¶ 2.

[31] *Id.* at ¶ 3.

[32] *Id.* at ¶ 1 (citing *SIL-FLO, Inc.*, 917 F.2d at 1518).

[33] *Denmon*, 151 F.R.D. at 407.

[34] Plaintiff's Motion to Amend Complaint (Doc. 76), at ¶ 2 (citing *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003); *S&W Enterprises, L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003)).

In its supplemental response to Interrogatory No. 3 of defendant's First Interrogatories, served March 7, 2006, which sought information on caps or headwear bearing the logo of Paramount Headware, Inc. ("Paramount"), or which was ultimately received by Paramount, after January 1, 2001, plaintiff stated:

> Plaintiff objects to Interrogatory No. 3 as calling for confidential and proprietary information. Notwithstanding this objection, Plaintiff states that it manufactured headwear pursuant to Sales Contract No. 21RQK041A and received payment for that production. Other than that Sales Contract, Plaintiff did not have any other dealings either directly or indirectly for Paramount Headwear in 2001 or 2002. At a trade show in approximately late 2002 or early 2003, Alex He of Atta International met Alex Levinson of Paramount Headwear and the two companies decided to engage in a business relationship. As a result, Atta International contracted with Plaintiff for production of headwear for Paramount customers. In approximately September 2003, Mr. Hua retired from Plaintiff. As a result of his retirement, Atta International's orders related to Paramount significantly declined. To the best of Plaintiff's knowledge, the following sets forth the approximate amounts of total sales to Atta International:
>
> 2003   $2 million
>
> 2004   $1.1 million
>
> 2005   $240,000
>
> 2006   There have been some dealings, but currently it appears that orders in 2006 will be even less than in 2005.
>
> To the best of Plaintiff's knowledge, none of the headwear produce [*sic*] for Atta International had the Paramount logo; rather, the headwear was for Paramount customers.[35]

---

[35] Defendant's Memorandum in Support of Its Motion for Leave to Amend (Doc. 78), at Exhibit D (Doc. 78-5) pp. 9-10.

In its original, unverified, response to this interrogatory, provided to defendant in February of 2006, plaintiff had stated:

> Other than headwear that was manufactured pursuant to Sales Contract No. 21RQK041A, Plaintiff has not manufactured any caps or other headwear with the Paramount logo or which was ultimately received by Paramount.[36]

Defendant argues that plaintiff's supplemental response, served March 7, 2006, was the first indication defendant received of business dealings, after February 2001, between plaintiff and Paramount, and the first it learned of any involvement by its former employee, Alex He, and his company, Atta International, in business dealings between plaintiff and Paramount.

Defendant further argues that indications of this information should have been revealed in plaintiff's May 26, 2005-response to its First Request for Production, wherein in requested production, *inter alia*, of all correspondence between plaintiff and Paramount, or its agents or employees, from January 1, 1999 through August 20, 2004; all purchase orders, invoices, packing slips, or other documents reflecting a sales transaction or exchange of goods between plaintiff and Paramount from January 1, 1999 through August 15, 2004; all checks, drafts, wire transfer confirmations, or other documents received by plaintiff from Paramount from January 1, 1999 through August 15, 2004; all correspondence between plaintiff and Alex He since January 1, 1999; the personnel and or work file for Alex He; and all correspondence sent by Mr. Hua or Alex He to United States companies soliciting

---

[36] *Id.*, at Exhibit C (Doc. 78-4) p. 9.

or transacting cap business with them during the time period of January 1, 1999 through January 1, 2004.[37]

Defendant contends that its "inability to fully understand Alex He and ATTA's role in violating [He's] non-compete [entered into as a result of his former employment with defendant] and securing Paramount's business was brought about by Guang Dong's false discovery responses."[38] The court is not in a position to evaluate whether or not plaintiff was completely forthcoming when it responded to defendant's First Request for Production on May 26, 2005; however, the discrepancy between the unverified response to defendant's Interrogatory No. 3, in February 2006, and the verified response, served on March 7, 2006, certainly gives the appearance that the nature of the discovery being provided to defendant was much less revealing prior to plaintiff's March 7, 2006-supplementation.

During his deposition, on March 8, 2006, plaintiff's corporate representative, Wu Ruiwen, testified that, as of January 13, 2001, plaintiff did not intend to fill an order placed by defendant for caps to be supplied to Paramount.[39] Defendant contends that this was the first time it learned that plaintiff knew at that time that it did not intend to fill the order by March 31, 2001.[40] Additionally, during his deposition, Mr. Ruiwen testified that plaintiff did exchange communications with Alex He in

---

[37] *Id.*, at Exhibit B (Doc. 78-3) pp. 2,4.

[38] *Id.* at p. 13.

[39] *Id.*, at Exhibit A (Doc. 78-2) p. 31 (Transcript p. 119).

[40] *Id.* at pp. 4-5.

2003,[41] despite plaintiff's response to Request No. 17 of defendant's First Request for Production that no correspondence was exchanged between plaintiff and Alex He after January 1, 1999.

As noted above, the court is not in possession of all the information necessary to determine whether plaintiff was completely forthcoming in response to defendant's First Request for Production. Nevertheless, there are sufficient discrepancies between plaintiff's original responses and the March 7, 2006- supplementation and Mr. Ruiwen's deposition that the court is satisfied that defendant did not have the information necessary to seek the present amendment until it received the additional discovery in March of 2006. As defendant did not receive this discovery until after the expiration of deadline to seek amendments, and as defendant's instant motion for leave to amend was filed on March 22, 2006, shortly after receipt of plaintiff's supplemental responses and the transcript of Mr. Ruiwen's deposition, the court finds that it has demonstrated good cause to support the timing of its request for leave.

The court will, therefore, turn to the merits of defendant's request for leave. As noted above, Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Additionally, Fed. R. Civ. P. 20(a) provides that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

In this instance, defendant has demonstrated to the court that it recently learned of the involvement of its former employee, Alex He, and his company ATTA in business dealings with plaintiff

---

[41] *Id.*, at Exhibit A (Doc. 78-2) p. 51 (Transcript p. 199).

and Paramount. There appears to be no dispute that Mr. He was involved, at the time he was an employee of defendant, with business dealings between plaintiff and defendant related to Paramount. As such, these new revelations that he and the company he formed after leaving defendant's employ were also involved in subsequent business dealings with plaintiff and Paramount – dealings that give the appearance of supplying similar needs of Paramount to those that are alleged to have been the basis of the earlier dealings between plaintiff and defendant – suggest that all of these commercial relationships may be part of a related series of transactions or occurrences and may involve questions of fact or law common to all counter-defendants.

As noted above, refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[42] In this instance, plaintiff opposes defendant's motion on the basis of undue delay and undue prejudice. As a result of the foregoing discussion of relationship between recent discovery and the timing of defendant's motion, the court has already found that defendant has demonstrated good cause such that its motion is not unduly delayed.

With respect to plaintiff's contention that it will be unduly prejudiced by delay if defendant is allowed to amend its answer to assert its new counterclaims, the court does not deny that there has been and will be additional delay as result of this proposed amendment. However, the court finds that the prejudice to defendant that would result from it being denied leave to amend outweighs the potential prejudice to plaintiff from the amendment being allowed. Given that each party is asserting claims for

---

[42] *Stewart*, 216 F.R.D. at 664.

relief against the other, each party's day in court and potential recovery are equally delayed by any additional delay in the resolution of this matter as a result of the instant amendment being allowed. Alternatively, were the court to deny the instant motion, defendant alone would be prejudiced by its inability to proceed on its claims against Mr. He and ATTA without filing a separate action.

The court is convinced that there are common issues to be resolved with regard to defendant's claims against plaintiff, Alex He, and ATTA. The court is also of the opinion the most efficient and expeditious way to address these issues is to allow defendant's amendment and bring Mr. He and ATTA into this action. While this decision will, unfortunately, cause delay in the resolution of this case, the court believes it will result in a more complete and fair resolution of all of the issues resulting from the underlying commercial transactions. As such, the court will grant defendant's motion for leave to amend answer and counterclaim.

### C.     Plaintiff's Motion for Leave to Amend Complaint (Doc. 76)

Plaintiff seeks leave to file an amended complaint adding additional claims for relief based upon breach of contract, quantum meruit, and unjust enrichment. As noted above, plaintiff originally brought this action to confirm a foreign arbitral award and filed an early motion for summary judgment on the issue, which was denied by Judge Robinson on May 10, 2005.

Notably, this is the first time that plaintiff has sought leave to amend its complaint in this matter. It did not do so prior to the original, June 24, 2004, deadline to do so in the original scheduling order nor prior to the subsequent, August 17, 2005, deadline to do so in the amended scheduling order – which provided it an opportunity to do so in the wake of Judge's Robinson's denial of its motion for


summary judgment. Additionally, plaintiff made no request for additional time to amend its complaint in its motion for extension time that led to the court's entry of the second amended scheduling order – which occurred after plaintiff's current counsels' entry in the case – or in the parties' joint motion for extension of discovery that led to the third amended scheduling order.

Because plaintiff's motion was filed after all the deadlines for amendment in this matter had expired, as noted above, the court must first consider whether plaintiff has demonstrated good cause to allow the amendment out of time prior to consideration of the merits of plaintiff's request for leave.[43] In the instant motion, plaintiff offers only, with regard to the timing of its request, that:

> As the final deposition in this matter occurred in connection with the preparation of the proposed pre-trial order, Plaintiff became aware that Defendant was considering seeking leave to amend its counterclaim. Knowing that such a motion would be before the Court and believing it best to protect its ability to recover against the Defendant, Plaintiff has filed this motion.[44]

Also in its motion, plaintiff contends that:

> Plaintiff's Amended Complaint adds three additional causes of action – breach of contract, quantum meruit, and unjust enrichment. All of these causes of action stem from the same underlying facts and conduct that gave rise to the arbitration award that Plaintiff obtained and which it seeks to enforce. These new causes of action are simply alternative claims to allow Plaintiff to obtain a judgment against Defendant for the damages it has sustained as a result of Defendant's conduct.[45]

---

[43] *See SIL-FLO, Inc.,* 917 F.2d at 1518.

[44] *Motion to Amend Complaint* (Doc. 76), at ¶ 5.

[45] *Id.* at ¶ 6.

The court finds no showing of good cause has been made here because plaintiff has not demonstrated why the various forgoing deadlines for seeking leave to amend "could not have been met with diligence."[46] This is particularly true of the last, August 17, 2005, deadline contained in the amended scheduling order, which was well after Judge Robinson's ruling on the motion for summary judgement *and* had not yet expired when plaintiff's current counsel entered the case on July 28, 2005. Additionally, plaintiff's contention that the claims it seeks leave to add are "simply alternative claims" is not helpful to its request. When a party has knowledge of a claim prior to the expiration of a deadline to amend, it cannot establish good cause for its noncompliance with the deadline.[47] While the court cannot say with certainty when plaintiff first became aware that it could assert these new "alternative" claims, it certainly had reason to augment its theories in the wake of the denial of its early motion for summary judgement, after May 10, 2005, and it had the benefit of the assistance of its current counsel as of at least July 28, 2005. As such, and because plaintiff offers no explanation of its timing of the instant motion beyond the fact it sought leave to amend because it knew defendant was going to, the court finds that plaintiff has failed to demonstrate good cause to support its request for leave to amend out of time.

---

[46] *Denmon*, 151 F.R.D. at 407.

[47] *See MomsWIN, L.L.C. v. Lutes*, 211 F.R.D. 650, 654 (D. Kan. 2002).

However, as predicted by defendant in its response to plaintiff's motion, the decision above to grant defendant's motion to amend will result in a need for additional discovery, which will in turn likely result in the issuance of a further scheduling order in this matter.[48]

> ACI understands that if the Court grants ACI's currently pending Motion to Amend, the Court may issue an additional amended scheduling order. If this occurs, ACI realizes that Guang Dong is likely to file an additional motion to amend its pleadings[, presumably in compliance with a new deadline for such motions,] and that its motion will be examined under a different standard. . . .[49]

The court agrees with defendant's prediction. Moreover, were the court to deny plaintiff's instant motion, plaintiff could still potentially raise its additional claims, as bases for set-off, in its reply to defendant's new counterclaims, and the court would be inclined to set a future deadline for amendments in a future amended scheduling order.

As stated above, the court is convinced that there are common issues to be resolved between defendant, plaintiff, Alex He, and ATTA, the court is of the opinion the most efficient and expeditious way to address these issues is this action. The court has already determined that defendant's amendment will be permitted, which will, unfortunately, cause delay in the resolution of this case. The court is tolerant of this delay only because it believes the expansion of the litigation will result in a more complete and fair resolution of all of the issues resulting from the underlying commercial transactions. Based upon this same reasoning, the court also sees value in allowing plaintiff to amend, and does not see any benefit to doing so only after a convoluted process of establishing a new amendment deadline

---

[48] *See* Defendant's Response to Plaintiff's Motion for Leave To Amend (Doc. 80), at p. 4.

[49] *Id.*

Case 5:03-cv-04165-JAR   Document 93   Filed 07/28/06   Page 16 of 17

that would, itself, be likely to result in further, unnecessary, delay. The court will, therefore, allow plaintiff to amend it's complaint at this time, and will not be inclined to set any further deadline for amendments in any future scheduling order it enters in this matter.

### D. Defendant's Motion for Leave to File Surreply (Doc. 90)

Defendant filed this motion seeking leave to file surreply on the limited issue of whether the court could properly consider e-mails written by Alex He in ruling on plaintiff's motion for summary judgment. In its reply in further support of its motion for summary judgment,[50] plaintiff argued that e-mails written by Alex He were inadmissable as hearsay that the court could not properly consider. In light of the court's decision above to permit plaintiff to amend its answer to, *inter alia*, assert a counterclaim of civil conspiracy against plaintiff, Alex He, and ATTA, Mr. He will now be a party to this action, and his statements, if found to be "during the course and in furtherance of the conspiracy," potentially could be admissible against plaintiff pursuant to Fed. R. Evid. 801(d)(2)(E). In any event, the issues related to the potential hearsay nature of any of Mr. He's statements are altered as a result of him being made a party. As such, defendant's proposed surreply has now become moot, and the court will deny defendant's motion for that reason.

**IT IS THEREFORE ORDERED:**

1. That defendant's motion for leave to amend answer and counterclaim (Doc. 77) is hereby granted.

2. That plaintiff's motion for leave to amend complaint (Doc. 76) is hereby granted.

---

[50] Doc. 87.

3. That defendant's motion for leave to file a surreply to plaintiff's motion for summary judgement (Doc. 90) is hereby denied as moot.

4. That plaintiff shall file and serve its amended complaint in this matter on or before **August 4, 2006**, and that, by **August 11, 2006**, defendant shall file its answer to plaintiff's amended complaint, incorporating within that answer the amendments and additional counterclaims sought to be added by its motion for leave to amend (Doc. 77).

5. That defendant shall serve its answer to plaintiff's amended complaint and counterclaims upon the new counter-defendants, Alex He and ATTA, within 10 days of the date its answer asserting its counterclaims is filed with the court.

6. That upon service of the new counter-defendants by defendant, and their appearance in this matter, the court will set a status conference, at which it intends to establish a schedule for completion of any remaining pretrial activities.

**IT IS SO ORDERED**.

Dated this 28th day of July, 2006, at Topeka, Kansas.

<div style="text-align:right">

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

</div>