ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Guang Dong Light Headgear Factory Co., Ltd., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 03-4165-JAR ) |
| ACI International, Inc., | ) ) |
| Defendant. | ) ) |
| ACI International, Inc., | ) ) |
| Counterclaim Plaintiff, | ) ) ) |
| vs. | ) ) |
| Guang Dong Light Headgear Factory Co., Ltd., Alex He, and ATTA International, Inc., | ) ) ) ) |
| Counterclaim Defendants. | ) ) ) |

## MEMORANDUM AND ORDER DENYING MOTION TO AMEND

The Court now considers counterclaim plaintiff ACI International, Inc.'s Motion for Leave to [sic] of Court to Amend its Answer and Counterclaim to Seek Punitive Damages (Doc. 174). In its motion, ACI International, Inc. (ACI) contends that it is entitled to seek punitive and/or exemplary damages under K.S.A. §§ 60-3322 and 60-3702 against all counterclaim defendants. Counterclaim defendants Guang Dong Light Headgear Factory Co., Ltd. (Guang Dong) and Alex He and ATTA International, Inc. (ATTA), filed separate responses opposing

ACI's motion to amend. This case is currently set on the Court's January 8, 2008 trial calendar and there are multiple dispositive motions that are under advisement.

In its motion, ACI requests leave to amend its Answer and Counterclaim for the second time. The Pretrial Order, however, supersedes all pleadings and controls the subsequent course of the case.[1] "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[2] Accordingly, the Pretrial Order supersedes the Answer and Counterclaim, and no purpose would be served by granting ACI leave to amend the Complaint at this stage of the litigation.[3] Rather than deny ACI's motion outright, however, the Court analyzes it as a motion to amend the Pretrial Order.[4]

The most obvious problem with ACI's motion for leave to amend is that ACI misstates the standard upon which the Court must evaluate its motion. Leave shall not be given freely when justice requires, as ACI contends in its motion, when the motion to amend is either out of time or filed after a pretrial order has been entered.[5]

Under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order "may be

---

[1] *See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

[2] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987); Fed. R. Civ. P. 16(e)).

[3] *Smith v. Bd. of County Comm'rs of County of Lyon*, 216 F. Supp. 2d 1209, 1213 (D. Kan. 2002).

[4] The Court is aware that the parties discussed ACI's intent to file a motion to amend the complaint to add its punitive damages claim at the pretrial conference. The pretrial order in fact sets forth the deadline by which ACI was to file its motion to amend. (Doc. 173 at 50.) Still, the controlling document from June 8, 2007 in this case is the Pretrial Order and the Court construes the motion as seeking leave to add its punitive damages claim to that document. The pretrial order did not extend the parties original deadline for filing motions to amend the pleadings set forth in the scheduling order.

[5] *See, e.g.*, *Simpson v. Home Depot, Inc.*, 203 F.R.D. 643, 644 (D. Kan. 2001) (explaining that the moving party must show good cause for the motion if it is filed after the Scheduling Order deadline).

modified 'only to prevent manifest injustice.'"[6]  "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur."[7]  The decision to modify the pretrial order lies within the trial court's discretion.[8]  In exercising that discretion, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of the party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[9]  In applying these factors, the paramount concern must be to assure "the full and fair litigation of claims."[10]  The timing of the motion to amend in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise.[11]

ACI did not act in a timely manner in seeking to add its claims for punitive damages against counterclaim defendants.  ACI's deadline to file a motion for leave to amend the pleadings was November 1, 2006.[12]  The instant motion seeking leave to add a claim for punitive damages is made more than seven months after that deadline.  ACI was also given the opportunity to amend its Answer and Counterclaim on August 11, 2006 to add new parties and multiple new claims upon which ACI now seeks punitive damages.

---

[6]*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

[7]*Id.* at 1208.

[8]*Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citation omitted).

[9]*Koch*, 203 F.3d at 1222 (citations omitted).

[10]*Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

[11]*Davey*, 301 F.3d at 1210-11.

[12](Doc. 108 at 8.)

These new claims include breach of contract against Guang Dong, breach of the covenant of good faith and fair dealing against Guang Dong, fraudulent promise of future events against Guang Dong, fraud against Guang Dong, breach of fiduciary duty against Alex He, breach of fiduciary duty against Guang Dong, violation of non-competition agreement, or in the alternative, fraud against Alex He, tortious interference with contract against Guang Dong and/or Alex He, tortious interference with prospective business advantage or relationship against Guang Dong and Alex He, breach of Kansas' Uniform Trade Secrets Act against Guang Dong, Alex He, and ATTA International, Inc., and civil conspiracy against Guang Dong, Alex He, and ATTA International, Inc.  These claims all allege that counterclaim defendants acted willfully, maliciously, and fraudulently.

Consequently, the Court finds that plaintiff was aware of the evidentiary basis for the proposed amendment long before the pretrial conference in June 2007 and long before filing the instant motion to amend on June 15, 2007.  Plaintiff offers no explanation for the delay, but does assert that "because all parties have had notice of the tenor of ACI's claims throughout this litigation no party will be prejudiced by allowing ACI to seek punitive and/or exemplary damages."  But this argument actually buttresses the contention that ACI should have amended its pleadings sooner, as they were aware of the factual basis upon which a request for punitive damages would be justified.

Furthermore, the trial date is currently less than six months away and dispositive motions have already been filed, not addressing ACI's request for punitive damages.  The counterclaim defendants object that they should be allowed to file new dispositive motions addressing the punitive damages issue if the amendment is allowed.  Given that ACI has made no attempt to

4

show cause for its delay or made a showing of manifest injustice if the pretrial order is not amended to include its punitive damages claim, the Court finds that denial of the motion for leave to amend will best further the goal of allowing all parties to fully and fairly litigate their claims.[13]

**IT IS THEREFORE ORDERED THAT** counterclaim plaintiff ACI International, Inc.'s Motion for Leave to [sic] of Court to Amend its Answer and Counterclaim to Seek Punitive Damages (Doc. 174) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of August 2007.

S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[13] Under the good cause standard, which applies to motions to amend the pleadings after the deadline in the scheduling order has passed, untimeliness alone may be a sufficient basis to deny leave to amend. *See Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (denying motion to amend made almost seventeen months after filing of original complaint and offering no explanation for delay); *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend. Contrary to plaintiff's assertion, prejudice to the opposing party need not be shown."). The Court finds that under either standard, good cause or manifest injustice, the motion should be denied.