ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Guang Dong Light Headgear Factory Co., Ltd., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| ACI International, Inc., | )<br>) |
| Defendant. | )<br>)<br>) Case No. 03-4165-JAR |
| ACI International, Inc., | )<br>) |
| Counterclaim Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| Guang Dong Light Headgear Factory Co., Ltd., Alex He, and ATTA International, Inc., | )<br>)<br>)<br>) |
| Counterclaim Defendants. | )<br>)<br>) |

## **MEMORANDUM AND ORDER**

The Court now considers the trial location in this matter. Guang Dong Light Headgear Factory Co., Ltd. ("Guang Dong"), the plaintiff, requested the trial be conducted in Topeka in both its Complaint (Doc. 1) and Amended Complaint (Doc. 94). The Pretrial Order (Doc. 173) states that Guang Dong "has decided to request Kansas City, Kansas as the place of trial. ACI wishes to retain the original trial location of Topeka . . . . The remaining parties wish to conduct trial in Kansas City." No further trial designation was made, however, by any party after the

Amended Complaint was filed, and no motion to transfer venue has been filed.  On October 24, 2007, the Court conducted a telephonic hearing upon the parties' request that the Court determine the place of trial.  The Court heard from all parties on this matter and is now prepared to find that the appropriate place of trial is Topeka, Kansas.

Under D. Kan. R. 40.2:

> The plaintiff, at the time of filing the complaint, shall file a request showing the name of the city where it desires the trial to be held. Such request for place of trial shall govern as to the location of the record office where the case shall be filed, docketed and maintained unless otherwise ordered by the court. . . .  Each defendant, at the time it files its first pleading, and the plaintiff, in a removed action, within ten days after notice of the removal, shall file a request showing the name of the city where it desires the trial to be held.  Unless otherwise ordered by the court, such request shall be served upon each party affected thereby.
>
> The court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial.

In this district, when considering a motion for intra-district transfer, courts look to the same factors relevant for change of venue under 28 U.S.C. § 1404.[1]  In a § 1404(a) analysis, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[2]  The burden of proving that the

---

[1] *See, e.g.*, *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

[2] *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515–16 (10th Cir. 1991) (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1957)).

existing forum is inconvenient lies with the moving party.[3]  Although a plaintiff's forum choice "should rarely be disturbed,"[4] the plaintiff's choice of forum receives little deference when, as here, the plaintiff does not reside there.[5]

On September 28, 2007, the Court granted summary judgment on Guang Dong's confirmation of the arbitral award in this case and denied summary judgment on the counterclaims by ACI International, Inc. ("ACI") against Guang Dong (Doc. 202).  Therefore, ACI is the plaintiff in this matter on all remaining claims.  While the Court considers ACI's choice of Topeka as forum,[6] it gives little deference to this choice given that ACI does not reside there.

The parties indicate that Topeka would not be the most convenient for any of the witnesses involved, as they are all located in either Kansas City, Dallas, Texas, or will be traveling from China.  Given that the out-of-town witnesses will be flying into Kansas City, Missouri, it would be more convenient for them to be in Kansas City, Kansas for the trial.  But the Court must find, not just that Kansas City is more convenient, but that Topeka is "substantially inconvenient."[7]  As Guang Dong argued during the phone conference, a trial in

---

[3]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[4]*Id.*

[5]*Benson*, 2007 WL 1834010, at *2.

[6]Counsel for Alex He and ATTA correctly point out that ACI never filed a trial designation, in contravention of the local rule.  However, the Court gives little weight to this fact.  First, this issue is not before the Court upon motion of any party, but instead was simply raised as an issue in the Pretrial Order.  Second, despite the fact that Guang Dong now argues for a Kansas City trial location, its Amended Complaint, filed after new counsel appeared for Guang Dong, designates Topeka as the place of trial.  ATTA and Alex He are the only parties that have designated Kansas City, Kansas as the place of trial (Doc. 169).  Moreover, as the local rule states, this Court is not bound by the parties' requests of place of trial.

[7]*Benson*, 2007 WL 1834010, at *3.

Topeka would require the witnesses and all attorneys to make a trip to Topeka for the proceedings, which are expected to last five to seven days. However, a good amount of the witnesses are expected to travel from out of state, or from China for this trial. This is not a situation where all of the witnesses reside in Kansas City. Also, this is not a trial that is expected to last more than one week. The distance between the Kansas City and Topeka courthouses is also marginal, as they are approximately sixty miles, or approximately one hour driving time apart. This distance allows the witnesses, parties and attorneys to choose between either a daily commute, or a hotel stay in Topeka.[8] While a trial designation of Kansas City, Kansas may be marginally more convenient for the witnesses, a trial location of Topeka will not be substantially inconvenient.

The parties did not address, nor does the Court find that the accessibility of the witnesses, or other sources of proof, or the fairness of the trial are factors at issue. Thus, the Court finally considers all other practical considerations that will make the trial easy, expeditious, and economical. This factor tips the balance in favor of Topeka as a trial location. At the time of this writing, the Court has set aside a trial courtroom in Topeka for this trial, to begin on January 22, 2008 and the Kansas City courthouse has a courtroom available for this week as well. The Court also has other firm jury trial dates scheduled both directly before and after the trial in this matter, in Topeka. Accordingly, as a practical matter, it is more expeditious for the Court to be

---

[8] Counsel for Alex He and ATTA contends that the commute to Topeka would add "tens of thousands" of dollars in expenses to the trial. The Court has difficulty believing this to be true. While the commute may certainly add to the time billed by attorneys in this matter, the Court fails to see how it would impact the billing to the tune of "tens of thousands of dollars."

able to be in the same building to transition between trials.[9]  Furthermore, the parties indicate that they will be utilizing the services of a court interpreter, Christina Wong, who will be in Topeka to translate for another trial set before this Court immediately after this trial.  The Court expects that Ms. Wong's services will be needed in Topeka prior to the trial in that matter.

For all of these reasons, the Court concludes that the trial in this matter be held in Topeka, Kansas.

**IT IS SO ORDERED**.

Dated this 7th  day of November 2007

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[9]In particular, if the jury deliberations in this trial carry over into February, the Court must be able to begin the voir dire process in the next trial on its calendar.