ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Guang Dong Light Headgear Factory Co., Ltd.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ACI International, Inc.,** )<br>)<br>**Defendant.** )<br>)<br>_____ )<br>)<br>**ACI International, Inc.,** )<br>)<br>**Counterclaim Plaintiff,** )<br>)<br>vs. )<br>)<br>**Guang Dong Light Headgear Factory Co, Ltd.,** )<br>**Alex He, and ATTA International Inc.,** )<br>)<br>**Counterclaim Defendants.** )<br>_____ ) | Case No. 03-4165-JAR |

## **MEMORANDUM AND ORDER**

The Court now considers defendant Guang Dong Light Headgear Factory Co. Ltd.'s ("Guang Dong") Motion to Alter or Amend Judgment (Doc. 265). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, defendant's motion is granted in part and denied in part.

*Background*

This matter began in 2003 as a civil action brought by plaintiff/counterclaim defendant Guang Dong against defendant/counterclaim plaintiff ACI International, Inc. ("ACI"), asking this Court to confirm and enforce a foreign arbitration award by the China International

Economic and Trade Arbitration Commission that had been entered against ACI. ACI initially filed three counterclaims with its Answer—breach of contract, breach of the covenant of good faith and fair dealing, and equitable set-off—all dealing with the Joint Venture Agreement. In an Amended Complaint filed on August 1, 2006, Guang Dong requested judgment "in conformity with the arbitration award," prejudgment interest, costs, and any other relief that may be proper.[1]

ACI subsequently amended its Answer to add counterclaims and parties. ACI added the following counterclaims against Guang Dong: (1) fraudulent promise of future events; (2) fraud (in the alternative); (3) breach of fiduciary duty; (4) tortious interference with contract; (5) tortious interference with prospective business advantage or relationship; (6) breach of the Kansas Uniform Trade Secrets Act; and (7) civil conspiracy. ACI also added Alex He and ATTA International Inc. ("ATTA") as third-party defendants. ACI added the following counterclaims against these defendants: (1) breach of fiduciary duty against Alex He; (2) violation of non-competition agreement against Alex He; (3) fraud against Alex He; (4) tortious interference with contract against Alex He; and (5) tortious interference with prospective business advantage or relationship against Alex He; (6) violation of the Kansas Uniform Trade Secrets Act against Alex He and ATTA, and (7) civil conspiracy against Alex He and ATTA.

The parties drafted and Magistrate Judge Sebelius signed the Pretrial Order in June 2007. In the Pretrial Order, Guang Dong's damages are listed as follows:

> Plaintiff asserts that it has suffered damages in the following amounts (as set forth in the arbitration award):
> $205,280.77 (the amount of the arbitration award)
> $12,109.73 (interest awarded Plaintiff in the arbitration proceeding)

---

[1](Doc. 94 at 3.)

$8,937.61 (the arbitration fee that Defendant was ordered to pay)[][2]

Guang Dong had previously filed a motion for summary judgment urging the following: "Guang Dong is entitled to an order confirming the arbitration award against ACI in the following amounts: $205,280.77 (the amount of the arbitration award), $12,109.73 (interest awarded Plaintiff in the arbitration proceeding), and $8,937.61 (the arbitration fee that Defendant was ordered to pay)."[3] On September 28, 2007, this Court denied summary judgment for Guang Dong on ACI's counterclaims against Guang Dong and granted summary judgment on Guang Dong's arbitral confirmation action. In confirming the arbitral award, the Court ordered the full relief requested by Guang Dong in its motion.[4] The Court also denied a summary judgment motion filed by defendants Alex He and ATTA in a separate Memorandum and Order.[5] Trial was set for January 22, 2008.

On January 10, 2008, counsel for ACI advised the Court that it had reached a settlement with Alex He and ATTA. Those parties filed a stipulation of dismissal with prejudice on January 18, 2008 and the case proceeded to trial on ACI's remaining counterclaims against Guang Dong.[6] The jury found Guang Dong liable on the breach of contract and breach of the

---

[2] (Doc. 173 at 49.)

[3] (Doc. 127 at 28 (footnote omitted)).

[4] (Doc. 202.) A judgment was not entered after this Order was filed, as ordinarily a judgment is not proper when an order adjudicates fewer than all the claims or rights and liabilities of fewer than all of the parties. *See* Fed. R. Civ. P. 54(b).

[5] (Doc. 218.)

[6] At the limine conference, ACI informed the Court for the first time that it was only proceeding on the following counterclaims against Guang Dong: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) tortious interference with plaintiff's prospective business relationship and business advantages; (4) misappropriation of trade secrets; and (5) conspiracy.

3

duty of good faith and fair dealing counterclaims and determined that ACI sustained damages in the amount of $529,375. The jury did not find Guang Dong liable on any of the other counterclaims. Thereafter, the Court entered judgment in accordance with the verdict form returned by the jury.[7]

*Discussion*

Guang Dong filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), asking the Court to reduce the judgment in favor of ACI by (1) the amount of the arbitration award; (2) the amount of prejudgment interest on the arbitration award; and (3) the settlement amount paid by Alex He and/or ATTA. A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[8]

    **1.    Arbitration Award**

The Court granted Guang Dong's motion to confirm the arbitral award at issue in this case. That award was in the amount of $226,328.11. The parties agree that this amount should be off-set from the damage amount awarded by the jury on ACI's counterclaims, in line with ACI's set-off counterclaim. The Court also notes that its confirmation of the arbitral award should have been incorporated into the judgment. Thus, Guang Dong's motion is granted insofar as it seeks to set-off the arbitral award from the amount awarded to ACI by the jury.

---

[7]Neither party submitted a proposed verdict form to the Court prior to trial and neither party objected to the Court's proposed verdict form in this case.

[8]*Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

### 2.     Prejudgment Interest

A more difficult issue is whether Guang Dong is entitled to prejudgment interest on the amount awarded in the foreign arbitration that was confirmed by the Court in its September 28, 2007 summary judgment order. ACI first urges that prejudgment interest is not appropriate because it was not included in the Pretrial Order.

It is undisputed that prejudgment interest was not requested in the Pretrial Oder. There is some authority both within and outside of this jurisdiction that a plaintiff's failure to request prejudgment interest in the pretrial order waives entitlement to such an interest award.[9] The Pretrial Order "'measures the dimensions of the lawsuit,' and 'control[s] the subsequent course of the action unless modified by a subsequent order.'"[10] "[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint . . . ."[11] While the Amended Complaint includes a request for prejudgment interest, neither the motion for summary judgment nor the Pretrial Order specified prejudgment interest in

---

[9]*Centennial Mgmt. Servs.*, *Inc. v. Axa Re Vie*, 196 F.R.D. 603, 607 n.6 (D. Kan. 2000) (explaining that the failure to request prejudgment interest in the pretrial order is reason alone to deny a such a request); *see also Lindy Invs., LP v. Shakertown Corp.*, 209 F.3d 802, 804 n.1 (5th Cir. 2000) (refusing to consider prejudgment interest request because it was not included in pretrial order); *Christ v. Beneficial Corp.*, No. 2:98-CV-210-JES-SPC, 2006 WL 2385028, at *5 (M.D. Fla. Aug. 17, 2006) (denying claim for prejudgment interest that was not included in the pretrial order); *Innovations, Designs & Interiors, Inc. v. S. Guaranty Ins. Co.*, No. 1:99CV185-D-A, 2002 WL 1611498, at *1 (N.D. Miss. June 13, 2002) (denying Rule 59(e) motion to include award of prejudgment interest due to failure to include claim in pretrial order); *cf. Garcia v. Burlington N. R.R.*, 818 F.2d 713, 721 (10th Cir. 1987) (explaining that prejudgment interest is not a collateral matter and must be part of the primary damage relief sought). *But see Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.*, 90 F. App'x 543, 547 (Fed. Cir. 2004) (allowing claim for prejudgment interest despite failure to include it in the pleadings, under Fed. R. Civ. P. 54(b)); *Dalal v. Alliant Techsystems, Inc.*, 72 F.3d 137 (table), 1995 WL 747442 , at *6 (10th Cir. Dec. 18, 1995) (same); *RK Co. v. Harvard Scientific Corp.*, No. 99 C 4261, 2007 WL 4150317, at *2–3 (N.D. Ill. Nov. 16, 2007) (collecting Seventh Circuit authority holding that the failure to request prejudgment interest in the pretrial order does not result in waiver).

[10]*Shaub v. Newton Wall Co/UCAC*, 153 F. App'x 461, 464 (10th Cir. 2005) (quoting *Hullman v. Bd. of Trustees of Pratt Cmty. Coll.*, 950 F.2d 665, 668 (10th Cir. 1991)); Fed. R. Civ. P. 16(e)).

[11]*Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002); *see also Rockwell Int'l Corp. v. United States*, 127 S. Ct. 1397, 1409 (2007).

its damages request. Instead, Guang Dong broke down its damages request quite specifically between the arbitration amount, interest awarded by the arbitration panel, and the arbitration fee. Accordingly, this Court granted summary judgment on the relief requested by Guang Dong in its motion.

While there is authority that a claim for prejudgment interest is waived if not included in the Pretrial Order, the only Tenth Circuit case to specifically address the point declined to find waiver of prejudgment interest that was not requested in either the complaint or the pretrial order.[12] There, the court explained that "under Fed. R. Civ. P. 54(c), [plaintiff's] failure to request prejudgment interest earlier did not preclude the district court from making the award."[13] Rule 54(c) provides that a final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." ACI relies heavily on a footnote in *Centennial Management Services, Inc.*, where Judge Lungstrum states that he "would likely deny Jardine's request for prejudgment interest" on the basis that the request was not made in the pretrial order.[14] But the basis for Judge Lungstrum's denial of prejudgment interest in that case was the fact that the postjudgment motion was not brought under Rule 59(e) within the requisite ten days after the entry of judgment.[15] The court did not consider the *Dalal* case or Rule 54(c). As such, this Court is confined to follow the limited guidance provided in the Tenth Circuit's *Dalal* decision and find that Guang Dong did not waive its right to request prejudgment interest

---

[12]*Dalal*, 1995 WL 747442 , at *6.

[13]*Id.*

[14]*Centennial Mgmt. Servs.*, 196 F.R.D. at 607 n.6.

[15]*Id.* at 607.

by failing to include it in the Pretrial Order.

The Court next considers whether Guang Dong is entitled prejudgment interest on its arbitral confirmation judgment. The Court has previously applied the Convention on the International Sale of Goods ("CISG") to the sales contracts at issue in the arbitration.[16] Under article 78 of the CISG, "[i]f a party fails to pay the price or any other sum that is in arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74."[17] The arbitration award itself provided Guang Dong with interest under this provision.[18] Guang Dong now seeks post confirmation-award, prejudgment interest; the CISG is silent on this issue.[19]

In domestic arbitration cases, "[t]he granting of prejudgment interest from the date of the arbitrator's award in an action seeking to confirm that award is a question of federal law entrusted to the sound discretion of the district court."[20] An award of prejudgment interest is proper if it would compensate the wronged parties and so long as other equities would not make such an award unjust.[21] At least one circuit court of appeals has recognized a presumption in

---

[16](*See* Doc. 202 at 21.)

[17]*Delchi Carrier SpA v. Rotorex Corp.*, 71 F.3d 1024, 1027 (2d Cir. 1995) (affirming award under CISG that provided prejudgment interest); *Valero Marketing & Supply Co. v. Greeni Oy*, 59 U.C.C. Rep. Serv. 2d 666, 680 (D.N.J. 2006) (awarding prejudgment interest under CISG); *Chicago Primer Packers, Inc. v. Northan Food Trading Co.*, 320 F. Supp. 2d 702, 715 (N.D. Ill. 2004), *aff'd*, 408 F.3d 894 (7th Cir. 2005).

[18]The arbitration award includes $12,109.73 in interest, calculated "at the annual interest rates respectively of 7.875% and 6.8125% on the basis of the respective contract amount of the 14 contracts as of November 30, 2001." (Doc. 127, Ex. C-1 at 24.)

[19]*See Sarhank Grp. v. Oracle Corp.*, No. 01 Civ. 1285(DAB), 2004 WL 324881, at *2 (S.D.N.Y. Feb. 19, 2004), *vacated and remanded on other grounds*, 404 F.3d 657 (2d Cir. 2005).

[20]*United Food & Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.*, 889 F.2d 940, 949 (10th Cir. 1989) (citations omitted).

[21]*Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275, 1289 (10th Cir. 1998).

favor of prejudgment interest on a judgment confirming an arbitral award under the CISG.[22]

ACI urges that an award of prejudgment interest is unwarranted here because the equities weigh against such an award.  ACI suggests that it is "the more wronged party," as evidenced by the amount of its award on the counterclaims versus the amount awarded to Guang Dong on the arbitration confirmation.  Guang Dong further urges the Court to reconsider its *in pari delicto* and unclean hands defenses to the confirmation action.  While the Court certainly considers the equities in awarding prejudgment interest, the Court declines to reconsider defenses asserted in a pleading that were not argued by ACI on summary judgment and claims that have already been disposed of.  Any harm that ACI suffered based on its counterclaims has been fully litigated by virtue of a jury verdict in its favor and a damages award on two of its counterclaims.  To be sure, the jury declined to find Guang Dong liable on any of the remaining counterclaims based in tort.  The Court does not find that the equities preclude an award of prejudgment interest.  In fact, the Court finds that failing to award prejudgment interest would impede the purpose of the CISG, which is to further the federal policy favoring arbitration as a means to resolve disputes by promoting the enforcement of arbitral agreements in international commerce.[23]  "The purpose of the Convention would be impeded were [defendant] able to receive an interest-free loan by delaying payment of the award, particularly by engaging in protracted litigation."[24]  ACI opted not to follow the protocol set forth in the CISG and participate in the arbitration in China.  ACI further refused to recognize the arbitration award, requiring Guang Dong to seek enforcement in

---

[22]*Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984); *P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, No. 00 Civ. 7120(RLC), 2001 WL 38282 (S.D.N.Y. Jan. 16, 2001).

[23]*Sarhank Grp.*, 2004 WL 324881, at *2.

[24]*Id.*

this Court. The Court declines to reward ACI for this delay by denying an award of prejudgment interest.

The final issue, therefore, is the rate of interest to be applied. Not surprisingly, Guang Dong seeks the 10% rate under Kansas law, while ACI urges that the federal postjudgment interest rate applies. The CISG itself is silent on the rate of interest to be applied. And while this issue has been "'the subject of up to 30 percent of total CISG cases worldwide,'"[25] no single approach has been used by all courts.[26] Guang Dong argues that the Court should follow the lead of other cases in this district and circuit dealing with domestic arbitration awards, and apply the state rate of interest.

A federal rate of interest applies where jurisdiction is based on a federal question.[27] 28 U.S.C. § 1961 applies to post-judgment interest, but the Court is not required to use this provision in calculating prejudgment interest; the calculation "rests firmly within the sound discretion of the trial court."[28] When a federal statute is silent on a rate of interest, courts often look to state law.[29] The Court therefore considers which interest rate would compensate Guang

---

[25] *Chicago Primer Packers, Inc. v. Northam Food Trading Co.*, 320 F. Supp. 2d 702, 715 (N.D. Ill. 2004) (quoting Tom McNamara, *U.N. Sale of Goods Convention: Finally Coming of Age?*, 32 COLO. LAW. 11, 19 (Feb. 2003)), *aff'd*, 408 F.3d 894 (7th Cir. 2005).

[26] *See id.* at 716.

[27] *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1077 (10th Cir. 2002).

[28] *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287 (10th Cir. 2002). Unlike the CISG, the Federal Arbitration Act does not confer independent federal question jurisdiction under 28 U.S.C. § 1331. *Perry v. Thomas*, 482 U.S. 483, 492 (1987); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *see also* 9 U.S.C. § 203; *Czarina ex rel. Halvanon Ins. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1291 (11th Cir. 2004); *First State Ins. Co. v. Banco de Seguros Del Estado*, 254 F.3d 354, 357 (1st Cir. 2001). The Court has already found that it has original jurisdiction over the confirmation action. (Doc. 32 at 9.)

[29] *See, e.g.*, *Kalmar Indus. USA, LLC v. Int'l Brotherhood of Teamsters*, 452 F. Supp. 2d 1154, 1167 (D. Kan. 2006) (finding the state interest rate to be equitable under the facts and circumstances of the case).

Dong for the delay in payment, and at the same time would not overcompensate Guang Dong by transforming the award into a punitive one.[30]

Guang Dong asserts that it is entitled to $163,341.31 in prejudgment interest, based on its calculation using the 10% interest rate under Kansas law.  But Guang Dong provides no evidence to the Court that this is an equitable amount that will provide it with fair compensation for its delayed receipt of the arbitral award.  The Court is persuaded by ACI that the federal post-judgment rate would more accurately compensate Guang Dong under these circumstances than the Kansas rate of 10%.  The only cases the Court has been able to locate that have decided the rate of interest to be applied to a post-award prejudgment interest calculation, come out of the Southern District of New York.  Both cases found the federal post-judgment rate to be appropriate:

> The federal rate reflects the economic conditions at the time this Court's judgment was rendered.  It preserves the value of the award as originally decided, affording neither party a benefit, and is consistent with the Convention's goals of fostering stability and certainty in international commercial transactions.  Moreover, it provides "make whole" relief without compensating petitioner.[31]

The Court agrees that this rate is equitable under the circumstances of this case.  It compensates Guang Dong for the delay in receiving its award, while not overcompensating it.  The state interest rate of 10% would overcompensate Guang Dong and to an extent, reward it for the delay derived from its incomplete discovery responses which most certainly prolonged this

---

[30]*See Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002).

[31]*Sarhank Grp. v. Oracle Corp.*, No. 01 Civ. 1285(DAB), 2004 WL 324881, at *2 (S.D.N.Y. Feb. 19, 2004), *vacated and remanded on other grounds*, 404 F.3d 657 (2d Cir. 2005); *see also P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, No. 00 Civ. 7120(RLC), 2001 WL 38282 (S.D.N.Y. Jan. 16, 2001).

litigation by leading to the Amended Answer and counterclaims.[32]  Accordingly, the judgment is amended to reflect that the arbitration amount, plus prejudgment interest at a rate for the week prior to February 4, 2008 set forth at 28 U.S.C. § 1961 to accrue from May 28, 2002 until February 4, 2008, is set-off from the jury's damage award against Guang Dong.

### 3. Credit for Settlement Amount

Next, Guang Dong argues that a credit should be made against the jury award in the amount of the settlement between ACI and co-defendants Alex He and ATTA.  In support of this claim, Guang Dong relies on the "one satisfaction rule," which provides that "an injured party is ordinarily entitled to only one satisfaction for each injury."[33]  "When a plaintiff receives an amount from a settling defendant, therefore, it is normally applies as a credit against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages."[34]

"Of course, credit would not normally be permitted for any award of damages based on a claim for which the defendants were not jointly and severally liable."[35]  "[W]here a plaintiff settles with some defendants, and the non-settling defendants are not parties to the settlement agreements, the non-settling defendants need show only that the plaintiff settled claims with

---

[32] While the Court acknowledges this delay as one factor to weigh in evaluating the fairness of the interest rate, it declines to shorten the time period during which Guang Dong may recover prejudgment interest.  Any unfairness that resulted from the delay is adequately compensated for by the federal interest rate.

[33] *U.S. Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988), *overruled on other grounds by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996)).

[34] *F.D.I.C. v. United Pac. Ins. Co.*, 20 F.3d 1070, 1082 (10th Cir. 1994) (quotation omitted).

[35] *Touche Ross & Co.* 854 F.2d at 1236 n.17; *see also Hess Oil Virgin Islands Corp. v. UOP*, 861 F.2d 1197, 1208 (10th Cir. 1988) ("Because the defendants were jointly and severally liable under Virgin Islands law for all damages arising from the refinery fire, any amounts received in settlement clearly represent common damages entitling the nonsettling defendant to credit.").

other parties on which the non-settling defendants were found liable at trial."[36]  Only if defendant is able to make this showing does the burden shift to plaintiff to prove that "under the terms of its agreement with the settling defendants, the settlement did not represent common damages with the jury award."[37]  Guang Dong is unable to meet its burden.  The jury verdict found Guang Dong liable only on ACI's counterclaims for breach of contract and breach of the duty of good faith and fair dealing.  Neither of these claims were asserted against settling-defendants Alex He and ATTA.  Importantly, the co-defendants were not jointly and severally liable for the claims upon which Guang Dong was found liable at trial, as they are contract claims only.  The Court declines to apply the one satisfaction rule under these circumstances.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Guang Dong's Motion to Alter or Amend Judgment (Doc. 265) is granted in part and denied in part.  The judgment shall be amended to reflect that the arbitration award, plus prejudgment interest at a rate for the week prior to February 4, 2008 set forth at 28 U.S.C. § 1961 to accrue from May 28, 2002 until February 4, 2008, shall be set-off from the jury's damage award against Guang Dong.  The remainder of defendant's motion is denied.

**IT IS SO ORDERED.**

Dated this  28th  day of April 2008.

  S/ Julie A. Robinson  
**Julie A. Robinson**
**United States District Judge**

---

[36]*Touche Ross & Co.* 854 F.2d at 1262.

[37]*Id.*